IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JACK D. ECKISS, II, #69701509 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22cv258 |
| SHERIFF JIM SKINNER, ET AL. | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendant Sheriff Skinner's Motion to Dismiss (Dkt. #14) and Defendant "Collin County Texas Jail's" (together with Sheriff Skinner, "Defendants") Motion to Dismiss ("Collin County Jail's Motion to Dismiss") (Dkt. #15) (together with Sheriff's Skinner's Motion to Dismiss, the "Motions to Dismiss"). To date, *pro se* Plaintiff Jack D. Eckiss, II ("Plaintiff") has not filed a response. For the reasons that follow, the Court recommends the Motions to Dismiss (Dkt. ##14, 15) be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against the Collin County Jail and Sheriff Skinner. (Dkt. #1). Plaintiff's Complaint includes allegations of excessive force, privacy and HIPAA violations, denial of adequate medical care, lack of enforcement of COVID-19 protocols, and inmate phone calls being recorded. (Dkt. #1, pp. 6-9). Plaintiff alleges these events occurred "during his entire stay of incarceration in Collin County Jail under the care of Sheriff Skinner and his policy." (Dkt. #1, p. 6). Plaintiff alleges Collin County, "through and by [its] elected, appointed, and hired officials operate conducting actions with knowledge, deliberately violate the civil rights and liberties placing pre-trial detainees at excessive risk of . . .

good health, and safety daily." (Dkt. #1, p. 6). Similarly, Plaintiff alleges "Sheriff Skinner's policy is in contradiction to the civil rights that protect its pre-trial detainees." (Dkt. #1, p. 6).

Plaintiff alleges acts of excessive force and cruel and inhumane punishment against Captain Crossland and Officer Cook, who are not named defendants in the Complaint.[1] Specifically, Plaintiff alleges Captain Crossland "tortured [him] by placing [him] on a restraint bed for 23 hours" and Officer Cook "used excessive force w/ elbow in [his] jaw with so much force to make [him] bleed and split [his] lip and with enough force to dislocate [his] jaw." (Dkt. #1, p. 7). Plaintiff alleges he was denied "adequate medical attention" for the injuries he sustained. (Dkt. #1, p. 7). Plaintiff further alleges his privacy and HIPAA rights were violated during medical exams because he was "forced to verbally explain his "history," including his mental health history, and to "publicly announce" his "entire personal history." (Dkt. #1, p. 7). Additionally, Plaintiff complains of "a lack of mitigation for Covid," and alleges, "despite all mandates, none are provided or enforced." (Dkt. #1, p. 7). Plaintiff specifically alleges pre-trial detainees are not housed in a manner that promotes social distancing (Dkt. #1, p. 7), Sheriff Skinner knowingly and intentionally housed pre-trial detainees who are experiencing COVID-19 symptoms with other pre-trial detainees (Dkt. #1, pp. 7-8), and detainees' complaints of COVID-19 symptoms were ignored by "medical" (Dkt. #1, p. 8). Finally, Plaintiff alleges inmate phone calls were illegally recorded. (Dkt. #1, p. 8). As relief, Plaintiff seeks compensatory and punitive damages. (Dkt. #1, pp. 4, 11).

On October 18, 2022, Collin County Jail moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing it is a non-jural entity and cannot be sued. (Dkt. #15). Sheriff Skinner also moved to dismiss Plaintiff's claims pursuant to Rule

---

[1] Because Captain Crossland and Officer Cook are not named as defendants in Plaintiff's Complaint, they are not parties to the case, and any claims against them will not be addressed.

2

12(b)(6), urging Plaintiff's claims should be dismissed because: (1) Plaintiff failed to comply with the Prisoner Litigation Reform Act; (2) no plausible allegations exist as to direct or personal involvement by Sheriff Skinner; (3) he is entitled to qualified immunity for individual capacity claims; (4) any claim against him in his official capacity must fail because Plaintiff identifies no constitutionally deficient policy, practice, or custom of Collin County, Texas; there can be no vicarious liability; and there are no underlying constitutional violations on the part of any Collin County employees; and (5) Plaintiff fails to allege any viable claims which would allow recovery of punitive damages against Sheriff Skinner. To date, Plaintiff has not filed a response.[2]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw

---

[2] Approximately eleven months have elapsed since the Motions to Dismiss (Dkt. ##14, 15) were filed, and Plaintiff has not filed responsive briefing. A failure to respond to a motion to dismiss creates the presumption that Plaintiff has no facts to controvert the motion. *See* Local Rule CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, any document attached to the motion to dismiss that is central to the claim and referenced by the complaint, and any facts subject to judicial notice. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

The Court is also mindful it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). "But 'liberal construction does not require that the Court . . . create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).

### III. ANALYSIS

#### A. <u>Collin County Jail's Motion to Dismiss</u>

Collin County Jail's Motion to Dismiss argues dismissal of Plaintiff's claims under Rule 12(b)(6) is proper because the Collin County Jail is a non-jural entity, and its lack of jural existence renders it incapable of being sued. (Dkt. #15, pp. 4-6).

To reiterate, Collin County Jail's Motion to Dismiss presents a narrow issue of law: whether the Collin County Jail has jural existence and can even be a proper party to this action.

Under the Federal Rules of Civil Procedure, a party in a lawsuit must have the capacity to be sued. Fed. R. Civ. P. 17(b). The capacity of a county or city department—such as a county jail or detention facility—to be sued is determined by the law of the state where the district court is located.[3] *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *Davis v. Lamar Cnty. Jail*, No. 4:22-cv-612, 2023 WL 3069762, at *2 (E.D. Tex. Mar. 20, 2023), *report and recommendation adopted*, No. 4:22-cv-612, 2023 WL 3060776 (E.D. Tex. Apr. 24, 2023); *Hutchinson v. Box*, No. 4:10-cv-240, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010), *report and recommendation adopted*, No. 4:10-cv-240, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011); *see also* Fed. R. Civ. P. 17(b)(3). Under Texas law, the key issue is whether the entity has been granted the capacity "to sue or be sued." *Dillon v. Jefferson Cnty. Sheriff's Dept.*, 973 F. Supp. 626, 627 (E.D. Tex. 1997); *Hutchinson*, 2010 WL 5830499, at *1. "A plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *McGrew v. City of Wichita Falls*, No. 3:14-cv-679, 2015 WL 3528236, at *6 (N.D. Tex. June 4, 2015) (citing *Darby*, 939 F.2d at 313-14); *accord Davis*, 2023 WL 3069762, at *2. In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Darby*, 939 F.2d at 313. "A plaintiff has the burden of showing that a . . . department has the capacity to be sued. However, if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Rhodes v. Lewisville Police Dep't*, 4:20-cv-00007-SDJ-CAN, 2020 WL 8513792, at *3 (E.D. Tex. Dec. 2, 2020), *report and*

---

[3] "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *McGrew v. City of Wichita Falls*, No. 3:14-cv-679, 2015 WL 3528236, at *6 (N.D. Tex. June 4, 2015) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)).

5

*recommendation adopted*, 4:20-cv-007-SDJ, 2021 WL 515398 (E.D. Tex. Feb. 11, 2021) (quoting *Hutchinson*, 2010 WL 5830499, at *1); *see also Kibbey v. Collin Cnty. Det. Facility*, No. 4:21-cv-799-SDJ-CAN, 2023 WL 2305970, at *2 (E.D. Tex. Feb. 6, 2023), *report and recommendation adopted*, No. 4:21-cv-799-SDJ, 2023 WL 2288955 (E.D. Tex. Feb. 28, 2023).

Plaintiff's Complaint contains no allegations that Collin County has taken explicit steps to grant the Collin County Jail with jural authority. (*See* Dkt. #1); *see also Thrasher v. Fort Worth Police Dep't*, No. 4:20-cv-350-SDJ-KPJ, 2020 WL 8484809, at *3 (E.D. Tex. Dec. 14, 2020), *report and recommendation adopted*, No. 4:20-cv-350-SDJ-KPJ, 2021 WL 489633 (E.D. Tex. Feb. 10, 2021). The Collin County Jail does not have a separate legal existence. The Eastern District of Texas and other federal courts in Texas have repeatedly and consistently held that a county's jail or detention facility is a non-jural entity that is not amenable to suit.[4] This Court has, in turn, applied this principle to the Collin County Jail and the Collin County Detention Facility[5] in numerous prior cases, finding the Collin County Jail/the Collin County Detention Facility subject to dismissal due to its lack of jural existence. *See, e.g.*, *Kibbey*, 2023 WL 2305970, at *2; *Price v. Collin Cnty. Det. Facility*, No. 4:21-cv-729-SDJ-KPJ, 2022 WL 4480320, at *4 (E.D. Tex. Sept. 1, 2022), *report and recommendation adopted*, No. 4:21-cv-729-SDJ-KPJ, 2022 WL

---

[4] *See, e.g.*, *Davis v. Lamar Cnty. Jail*, No. 4:22-cv-612, 2023 WL 3069762, at *2 (E.D. Tex. Mar. 20, 2023) (Lamar County Jail is a non-jural entity and cannot be sued), *report and recommendation adopted*, No. 4:22-cv-612, 2023 WL 3060776 (E.D. Tex. Apr. 24, 2023); *White v. Ermatinger*, No. 3:21-cv-3037-D-BN, 2021 WL 6339266, at *2 (N.D. Tex. Dec. 9, 2021) ("[T]his Court has previously held that the Ellis County Jail is not a jural entity."), *report and recommendation adopted*, No. 3:21-cv-3037-D, 2022 WL 94171 (N.D. Tex. Jan. 10, 2022); *Hatton v. Harris Cnty. Jail*, No. CV H-18-1948, 2019 WL 1858826, at *2 (S.D. Tex. Apr. 25, 2019) (holding the Harris County Jail is not a separate legal entity from Harris County and therefore lacks the legal capacity to be sued); *West v. Lew Sterrett Just. Ctr. of Dallas Cnty.*, No. 1:15-cv-219-SS, 2015 WL 1651539, at *3 (W.D. Tex. Apr. 14, 2015) ("Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit—and specifically that the Lew Sterrett Justice Center is not a jural entity subject to suit.").

[5] Presumably, by naming the Collin County Jail as a Defendant, Plaintiff is attempting to sue what is correctly named as the Collin County Detention Facility. Regardless, both entities lack jural existence and cannot be a proper party to a lawsuit.

6

4474903 (E.D. Tex. Sept. 26, 2022); *Crawford v. Collin Cnty. Det. Facility*, No. 4:20-cv-668-RAS-CAN, 2022 WL 4459855, at *2 (E.D. Tex. Aug. 18, 2022), *report and recommendation adopted*, No. 4:20-cv-668, 2022 WL 4449315 (E.D. Tex. Sept. 22, 2022); *Marr v. Collin Cnty. Det. Ctr.*, No. 4:20-cv-273-RAS-KPJ, 2021 WL 4166945, at *3 (E.D. Tex. July 19, 2021) (collecting cases) ("As this Court has repeatedly held, the [Collin County] Detention Center is a non-jural entity."), *report and recommendation adopted*, No. 4:20-cv-273-RAS-KPJ, 2021 WL 4148954 (E.D. Tex. Sept. 11, 2021); *Smith v. Collin Cnty. Jail*, No. 4:11-cv-801, Dkt. #37 (E.D. Tex. May 3, 2012), *report and recommendation adopted*, Dkt. #51 (E.D. Tex. June 6, 2012); *Newman v. Collin Cnty. Det. Facility*, No. 4:10-cv-463, Dkt. #37 (E.D. Tex. Feb. 7, 2011), *report and recommendation adopted*, Dkt. #39 (E.D. Tex. Mar. 3, 2011), *appeal dismissed*, Dkt. #52 (5th Cir. Aug. 17, 2011); *Propes v. Plano Police Dep't*, No. CIV.A.4:03 CV 87, 2005 WL 1177880, at *4 (E.D. Tex. May 18, 2005).[6] Accordingly, Plaintiff's claims against the Collin County Jail should be dismissed with prejudice as frivolous and for failing to state a claim because the Collin County Jail is a non-jural entity with no capacity to be sued. *See Davis*, 2023 WL 3069762, at *2; *Rhodes*, 2020 WL 8513792, at *3; *Hutchinson*, 2010 WL 5830499, at *1.

**B. Sheriff Skinner's Motion to Dismiss**

In Sheriff Skinner's Motion to Dismiss, he argues Plaintiff's claims against him should be dismissed. (Dkt. #14). Liberally construed, Plaintiff's Complaint alleges Sheriff Skinner was responsible for the Collin County Jail and Sheriff Skinner acted with deliberate indifference and allowed pretrial detainees' "civil rights and liberties" to be violated.

---

[6] Collin County Jail's Motion to Dismiss cites multiple opinions issued by the Eastern District of Texas for this well-established proposition. (*See* Dkt. #15, pp. 4-6) (citing cases).

"Section 1983 is not a general tort remedy available to 'all who suffer injury at the hands of the state or its officers.'" *Waddleton v. Rodriguez*, 750 F. App'x 248, 252 (5th Cir. 2018) (per curiam) (quoting *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981)). To state a claim under § 1983, "a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 241 (5th Cir. 2021) (per curiam) (quoting *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)). If the plaintiff establishes a constitutional violation, the plaintiff can bring suit against the individual actors that allegedly violated the plaintiff's constitutional rights and, in limited circumstances, the individuals' supervisor and the municipality for which the individuals were acting. *See id.* at 242-47.

In this case, Plaintiff does not indicate whether he seeks to recover against Sheriff Skinner in his official capacity as Sheriff of Collin County or in his individual capacity as a supervisor and policymaker at the Collin County Jail, or both. Therefore, the Court will address both official capacity and individual capacity claims.

1. **Official Capacity Claims**

To the extent Plaintiff sues Sheriff Skinner in his official capacity, the claims are treated as claims for municipal liability against Collin County, as "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). To state a claim for municipal liability, a plaintiff must allege facts showing the plaintiff's constitutional rights were violated and that the municipality was responsible for the alleged violation(s). *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). A municipality

8

is responsible for a constitutional violation if the "moving force" behind the alleged violation was an "official policy" promulgated by a municipal policymaker. *Gomez v. Galman*, 18 F.4th 769, 777 (5th Cir. 2021) (quoting *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395 (5th Cir. 2017)). A policy constitutes the "moving force" behind an alleged violation if there is "'a direct causal link' between the policy and the violation." *Covington v. City of Madisonville, Tex.*, 812 F. App'x 219, 225 (5th Cir. 2020) (per curiam) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009)). Additionally, "[t]he official policy itself must be unconstitutional or, if not, must have been adopted 'with deliberate indifference to the known or obvious fact that such constitutional violations would result.'" *James*, 577 F.3d at 617 (quoting *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004)).

An "official policy" can be either an official written policy or a "widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* (quoting *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018)). A plaintiff who does not allege an official written policy faces a high bar to prove an official custom:

> Where prior incidents are used to prove a pattern, they must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body that the objectionable conduct is the expected, accepted practice of city employees. It is thus clear that a plaintiff must demonstrate a pattern of abuses that transcends the error made in a single case. A pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question. *A pattern also requires sufficiently numerous prior incidents, as opposed to isolated instances*.

*Peña Arita*, 470 F. Supp. 3d at 706 (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 850-51 (5th Cir. 2009)) (emphasis added). "Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy as required for municipal section 1983 liability." *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 437 (5th Cir. 2008) (alteration in original) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995)).

These stringent requirements apply even at the pleading stage. *See, e.g.*, *Feliz v. El Paso Cnty.*, 441 F. Supp. 3d 488, 503 (W.D. Tex. 2020) ("[A] plausible [municipal liability] claim requires more than a recitation of the incident in which the plaintiff was personally involved.") (alterations in original) (quoting *Peña v. City of Rio Grande*, 879 F.3d 613, 622 n.14 (5th Cir. 2018)); *Rodriguez v. S. Health Partners, Inc.*, No. 3:20-cv-45, 2020 WL 7056336, at *9 (N.D. Tex. Dec. 2, 2020) (finding the plaintiff "failed to allege facts sufficient to permit the court to infer the existence of an official custom" because she "has not alleged, other than in conclusory terms, another instance" of a violation similar to that which she experienced).

Hence, in cases where courts have found the existence of a municipal custom, the plaintiff has specifically pled incidents of constitutional infringement regarding not just themselves, but others, to indicate that other violations may have occurred. *See, e.g.*, *Feliz*, 441 F. Supp. 3d at 503 (finding the plaintiff pled a custom where the plaintiff cited to other litigation that "involved improper medical care of a detainee" at the same facility and a state commission report that "found pervasive failures in [the facility's] provision of health care"); *Mathis v. S.W. Corr., LLC*, No. 5:20-cv-146, 2021 WL 5088276, at *40 (E.D. Tex. June 15, 2021), *report ad recommendation adopted*, 2021 WL 4129123 (E.D. Tex. Sept. 10, 2021) (finding the plaintiff pled a custom where the plaintiff specifically alleged "multiple other deaths that occurred" as a result of the alleged practices and customs employed at the jail); *Carrillo v. Buendia*, No. 2:20-cv-28, 2020 WL 4584380, at *19 (S.D. Tex. Aug. 10, 2020) (finding the plaintiff pled a custom where he pled the alleged wrongdoing was widespread and affected all mentally ill inmates confined in the jail).

Even assuming Plaintiff alleged sufficient facts to show his constitutional rights were violated, the Court finds Plaintiff has failed to sufficiently plead any claim of municipal liability. Review of the Complaint shows Plaintiff has failed to identify any policy or practice of Collin

County related to his specific allegations. Because Plaintiff did not allege a written policy, Plaintiff was required, at a minimum, to allege facts indicating that other constitutional violations may have occurred as a result of the jailers' actions. Plaintiff failed to do so. Liberally construed, Plaintiff alleges jailers used excessive force and restrained him for twenty-three hours, that he was denied adequate medical treatment, that he was housed with pretrial detainees experiencing COVID-19 symptoms, that his privacy and HIPAA rights were violated during medical exams, and that his phone calls were recorded. While Plaintiff makes general, conclusory allegations that "other pretrial detainees" also experienced these violations, Plaintiff fails to allege specific instances where other inmates were similarly victimized. Plaintiff's allegations indicate Plaintiff's constitutional injuries were the result of isolated occurrences and not pervasive policies or customs that can be attributed to Collin County. Without more, the Court cannot find Plaintiff has stated a policy or custom attributable to Collin County. *See Villarreal v. City of Laredo, Tex.*, 17 F.4th 532, 546 (5th Cir. 2021) (affirming the district court's dismissal of the plaintiff's claim for municipal liability because although the plaintiff alleged "a persistent and widespread practice of City officials and employees [violating the plaintiff's constitutional rights]" the plaintiff did not allege that city officials and employees violated anyone else's rights in the same manner); *Harris v. Brown*, No. 3:21-01332, 2021 WL 5822100, at *9 (W.D. La. Nov. 22, 2021), *report and recommendation adopted*, 2021 WL 5811971 (W.D. La. Dec. 7, 2021) (holding the plaintiff failed to allege a custom when his allegations were "conclusory and detail no specific policy, custom, or any other history of similar incidents. In other words, [the plaintiff] failed to allege facts to establish that anyone besides himself suffered . . . inadequate medical care as required" to establish a *Monell* claim); *Melton v. Hunt Cnty.*, No. 3:14-cv-2202-N, 2019 WL 5067907, at *3 (N.D. Tex. Oct. 8, 2019) ("[The plaintiff's] pleading consists of only conclusory allegations. [The plaintiff]

11

does not establish that Hunt County's failure to train was the 'moving force' behind the constitutional violation nor does [the plaintiff] allege any facts that show that Hunt County or Sheriff Meeks acted with deliberate indifference."). Therefore, Plaintiff's claims against Sheriff Skinner in his official capacity should be dismissed.

### 2. Individual Capacity Claims

Any claims against Sheriff Skinner in his individual capacity also fail. Liberally construed, Plaintiff's Complaint seeks to recover against Sheriff Skinner, individually, because Sheriff Skinner was the policymaker for the Collin County Jail and is responsible for constitutional violations that result from his policies. In defense of any individual capacity claims, Sheriff Skinner argues he is immune from liability under the doctrine of qualified immunity. (Dkt. #14, pp. 5-8).

If qualified immunity is raised as a defense, the burden shifts to the plaintiff to plead specific facts to overcome the defense. *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)). To defeat qualified immunity at the pleading stage, the plaintiff must allege facts showing: (1) the defendant violated the plaintiff's constitutional rights; and (2) the right was clearly established at the time of the alleged conduct. *Id.*; *Romero v. Brown*, 937 F.3d 514, 519 (5th Cir. 2019) (citing *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017)). A right is clearly established if the "contours of the right" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Terwilliger*, 4 F.4th at 284 (quoting *Kinney v. Weaver*, 367 F.3d 337, 349-50 (5th Cir. 2004)). If the right was clearly established, the Court must decide whether the defendant's actions were objectively reasonable in light of the clearly established law. *See Gates*, 537 F.3d at 419. In this case, Plaintiff failed to plead facts showing Sheriff Skinner violated Plaintiff's

constitutional rights. As such, the Court does not reach whether the rights allegedly violated were clearly established under the law.

"An official cannot be held liable in his individual capacity merely because a subordinate committed some constitutional violation; '[s]ection 1983 does not impose vicarious or respondeat-superior liability.'" *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 251 (5th Cir. 2022) (alteration in original) (quoting *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988)). A plaintiff seeking to recover against a supervisory official—such as Sheriff Skinner—must allege some sort of personal involvement by the official to extend liability under § 1983. *Id.* To do so, the plaintiff must allege either (1) the official affirmatively participated in the acts that caused the alleged constitutional injury, or (2) the official implemented policies that caused the alleged constitutional injury. *Calhoun v. City of Hous. Police Dep't*, 855 F. App'x 917, 922 (5th Cir. 2021) (per curiam) (quoting *Gates*, 537 F.3d at 435). To extend liability in either case, the supervisor must have acted with "deliberate indifference," which usually requires allegations showing the supervisor knew "about a 'pattern of similar violations.'" *See Romero*, 937 F.3d at 523 (quoting *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 427 (5th Cir. 2006)); *see also Parker v. Blackwell*, 23 F.4th 517, 522 (5th Cir. 2022).

In this case, Plaintiff's allegations fail on all fronts. First, Plaintiff does not allege Sheriff Skinner was personally involved in any decision regarding Plaintiff's medical treatment, the use of restraints or force on Plaintiff, Plaintiff's housing classification/assignment, or the recording of Plaintiff's phone calls. The fact that individual jailers may have violated policy or otherwise acted improperly does not itself impute liability to Sheriff Skinner. *See Bigford*, 834 F.2d at 1220. And, though Plaintiff generally alleges Sheriff Skinner implemented policies that violated Plaintiff's rights, as discussed in Section B(1), *supra*, Plaintiff did not allege facts to support the inference

13

that a custom or policy actually existed. And finally, as noted above, Plaintiff did not allege facts showing that any other inmate's constitutional rights were similarly violated, and therefore, there are no allegations to support Sheriff Skinner knew of any "pattern of similar violations," as required to allege he acted with deliberate indifference. *See Romero*, 937 F.3d at 523.

To the extent Plaintiff alleges Sheriff Skinner knew or should have known of the COVID-19 risks to pretrial detainees, this allegation does not rise to the level of deliberate indifference. *See Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (a prison official's "failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference"). General allegations that Sheriff Skinner is responsible for the Collin County Jail are not enough. *See Hennington v. Lumpkin*, No. 6:20-cv-593, 2021 WL 5710105, at *6 (E.D. Tex. Nov. 1, 2021), ("[The plaintiff] also states that Warden Stiefer was legally responsible for the Beto Unit and all the inmates in the prison and failed to protect them from COVID-19. [ ] These allegations fail to include facts regarding Warden Stiefer's personal misconduct and they do not include facts demonstrating that Warden Stiefer implemented an unconstitutional policy."), *report and recommendation adopted*, No. 6:20-cv-593, 2021 WL 5630621 (E.D. Tex. Dec. 1, 2021). Once again, Plaintiff does not point to any actual or explicit policy of the Collin County Jail that is deficient or shows indifference to any identified risk. *See Harness v. Cerliano*, No. 6:21-cv-115, 2021 WL 4143039, at *5 (E.D. Tex. July 30, 2021) ("To the extent that [the plaintiff's] lawsuit may be read to raise conditions of confinement claims, he has failed to state a claim upon which relief may be granted because he has not identified an explicit policy or restriction, nor demonstrated a pattern or acts or omissions attributable to Sheriff Cerliano giving rise to an unconstitutional de facto policy or custom."), *report and recommendation adopted*, No. 6:21-cv-115-JDK-JDL, 2021 WL 4133925 (E.D. Tex. Sept. 10, 2021). COVID-19

policies at the Collin County Jail "may have been unsuccessful" from Plaintiff's perspective but "they were not unconstitutional." *See Valentine v. Collier*, 978 F.3d 154, 165 (5th Cir. 2020) ("The Eighth Amendment does not mandate perfect implementation."); *Ewing v. Grayson Cnty., Texas*, No. 4:21-cv-386, 2022 WL 4459929, at *6 (E.D. Tex. Aug. 19, 2022), *report and recommendation adopted*, No. 4:21-cv-386, 2022 WL 4449314 (E.D. Tex. Sept. 23, 2022); *Shomo v. Dep't of Corr. & Cmty. Supervision*, No. 21-cv-00128 (PMH), 2022 WL 1406726, at *12 (S.D.N.Y. May 4, 2022) ("Even assuming [the defendants'] response to COVID-19 was imperfect, or negligent, it is not enough to support a finding of deliberate indifference.") (citing *Pike v. Cerliano*, No. 6:20-cv-619, 2021 WL 3704377, at *3 (E.D. Tex. Aug. 3, 2021)). Moreover, it is well settled that the general fear of contracting COVID-19 or that COVID-19 is spreading is insufficient to state a claim under § 1983. *See Wilson v. Dallas Cnty. Jail*, No. 3:20-cv-02792-C (BT), 2022 WL 1176749, at *2 (N.D. Tex. Mar. 16, 2022) ("[The plaintiff's] conditions of confinement claim, rooted only in a generalized fear of catching COVID-19, is meritless."), *report and recommendation adopted*, No. 3:20-cv-2792-C, 2022 WL 1173802 (N.D. Tex. Apr. 20, 2022); *Scott v. Stiefer*, No. 6:20-cv-479, 2021 WL 2008810, at *4 (E.D. Tex. Apr. 15, 2021) ("[The plaintiff's] subjective fear of contracting Covid-19 is not sufficient to support a claim under the Eighth Amendment."), *report and recommendation adopted*, No. 6:20-cv-479-JDK-JDL, 2021 WL 1998796 (E.D. Tex. May 19, 2021); *Hamby v. Warden, Estelle Unit*, No. CV H-20-3428, 2020 WL 7081606, at *2 (S.D. Tex. Dec. 3, 2020) ("[A] prisoner's generalized fear of contracting COVID-19 is not sufficient to state a claim for relief.").

Based on the above, Plaintiff failed to plead facts showing Sheriff Skinner violated Plaintiff's constitutional rights and, therefore, Plaintiff has failed to state a claim against Sheriff

Skinner in his individual capacity. Accordingly, Plaintiff's claims against Sheriff Skinner in his individual capacity should be dismissed.

### C. Leave to Amend

Generally, a *pro se* plaintiff should be allowed to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). A district court may consider the following factors in deciding whether to grant leave to amend: undue delay, bad faith or dilatory motive on the plaintiff's part, repeated failures to cure deficiencies by previous amendments allowed, undue prejudice to the opposing party, and futility of the amendment. *Id.*

Here, Plaintiff has provided no indication he would be able to cure the pleading deficiencies identified herein if he were allowed to amend his Complaint. Moreover, when the plaintiff makes no attempt to amend his complaint in response to the defendant's challenge pursuant to Rule 12(b)(6), dismissal is proper when the plaintiff's allegations fail to state a claim for which relief can be granted. *See Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997). Under these circumstances, the Court finds granting Plaintiff leave to amend would be futile, would unnecessarily delay these proceedings, and would prejudice Defendants, who have already filed motions to dismiss and would likely file second motions to dismiss if an amended complaint were filed.

## C. Strike under 28 U.S.C. § 1915(g)

Under the PLRA, an inmate may not file any lawsuit or appeal *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The statutory provision was designed to stop abusive litigious practices employed by inmates.

Because the Court is recommending dismissal of Plaintiff's claims in this case as frivolous and/or for failing to state a claim upon which relief may be granted, it is further recommended Plaintiff be advised this dismissal counts as a strike pursuant to 28 U.S.C. § 1915, and should he accumulate three strikes, he may be denied *in forma pauperis* status and be required to pay the full filing fee when filing additional civil actions or appeals unless he demonstrates he is in imminent danger of serious physical injury.

## IV. RECOMMENDATION

For the reasons set forth above, the Court recommends the Motions to Dismiss (Dkt. ##14, 15) be **GRANTED** and Plaintiff's claims against the Collin County Jail and Sheriff Skinner be **DISMISSED WITH PREJUDICE**. The Court further recommends this dismissal be counted as a strike pursuant to 28 U.S.C. § 1915.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 18th day of October, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE